# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

————————

No. 04-3101

————————

## UNITED STATES OF AMERICA,

Appellee,

v.

## JOHN A. SCHAFER,

Appellant.

————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION
HONORABLE NANETTE K. LAUGHREY, JUDGE

————————

## BRIEF FOR THE UNITED STATES

————————

TODD P. GRAVES
  United States Attorney

DAVID M. KETCHMARK
  Assistant United States Attorney

PHILIP M. KOPPE
  Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, 5th Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Appellee*

# SUMMARY OF THE CASE

The appellant, John A. Schafer, pleaded guilty to an indictment charging him with transporting, receiving, and possessing child pornography that had traveled in interstate commerce, and with criminal forfeiture. After granting the Government's motion for an upward departure, Schafer was sentenced to a cumulative 137-month term of imprisonment. The sentences were ordered to run consecutively to the terms of imprisonment Schafer previously had received in the Circuit Court of Jackson County, Missouri, following his convictions of 31 separate felony counts, including child molestation in the first degree, sodomy, rape, incest, and abuse of a child, all stemming from his sexual abuse of four of his grandchildren.

On this appeal, Schafer claims that the District Court erred in failing to order his federal sentences to run concurrently with his multiple state sentences, and in imposing several sentencing enhancements and an upward departure without submitting those issues to a jury.

The Government, however, believes the District Court was entitled to run Schafer's federal sentences consecutively to his state sentences because the court did not consider Schafer's state court convictions when it determined his criminal history score and base offense level. And, since the sentencing enhancements and upward departure were based solely upon facts that Schafer

-i-

admitted, he was not entitled to a jury determination of those issues, even if *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004), were held to be applicable to the federal Sentencing Guidelines.

Schafer has requested 15 minutes for oral argument. The Government would request the same amount of time to argue its case.

Appellate Case: 04-3101   Page: 3   Date Filed: 11/22/2004 Entry ID: 1837662

# **TABLE OF CONTENTS**

SUMMARY OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

STATEMENT OF THE ISSUES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

STATEMENT OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

SUMMARY OF THE ARGUMENTS  . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

ARGUMENTS

      I.     The District Court correctly determined that Schafer's
            federal convictions of receipt, distribution, and
            possession of child pornography should run con-
            secutively to his multiple state court convictions for
            child molestation in the first degree, sodomy, rape,
            incest, and abuse of child, because those state charges
            were not considered in computing his offense level or
            his criminal history score, and therefore U.S.S.G.
            § 5G1.3(b) did not require concurrent sentences . . . . . . . . . . .  15

      II.    Even if *Blakely v. Washington* were held to be
            applicable to the federal Sentencing Guidelines, the
            District Court did not err in imposing the cumulative
            137-month sentence under those Guidelines, because
            Schafer admitted to all of the facts upon which the
            enhancements and upward departure were based . . . . . . . . . . .  24

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  30

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  31

Appellate Case: 04-3101     Page: 4     Date Filed: 11/22/2004 Entry ID: 1837662

# TABLE OF AUTHORITIES

## Cases

*Blakely v. Washington*, 542 U.S. ___, 124 S.Ct 2531
(2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii, 6, 13-14, 23-26, 28-29

*United States v. Anton*, 380 F.3d 333 (8th Cir. 2004) . . . . . . . . . . . . . . . . . 24

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) . . . . . . . . . . . . . . . . 25, 28

*United States v. Bell*, 46 F.3d 442 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Booker*, ___ U.S. ___, 125 S.Ct. 11
(cert. granted, Aug. 2, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

*United States v. Cotton*, 535 U.S. 625 (2002) . . . . . . . . . . . . . . . . . . . . . . 2, 29

*United States v. Fanfan*, ___ U.S. ___, 125 S.Ct. 12
(cert. granted, Aug. 2, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25-26

*United States v. Gullickson*, 981 F.2d 344 (8th Cir. 1992) . . . . . . . . . . . 16, 21

*United States v. Harris*, 324 F.3d 602 (8th Cir. 2003) . . . . . . . . . . . . . . 20, 21

*United States v. Hoslett*, 998 F.2d 648 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . 3

*United States v. Lange*, 146 F.3d 555 (8th Cir. 1998) . . . . . . . . . . . . . . . . . 16

*United States v. Layne*, 324 F.3d 464, 471 (6th Cir. 2003) . . . . . . . . . . . . . 25

*United States v. Lyons*, 47 F.3d 309 (8th Cir. 1995) . . . . . . . . . . . . . . . . . . . 16

*United States v. Menteer*, 350 F.3d 767 (8th Cir. 2003) . . . . . . . . . . . 2, 27-28

*United States v. Moser*, 168 F.3d 1130 (8th Cir. 1999) . . . . . . . . . . . . . . 2, 27

*United States v. Rangel, Jr.*, 319 F.3d 710 (5th Cir. 2003) . . . . . . . . . . 22-23

Appellate Case: 04-3101     Page: 5     Date Filed: 11/22/2004 Entry ID: 1837662

*United States v. Terry*, 305 F.3d 818 (8th Cir. 2002) . . . . . . . . . . . . . 2, 18-20

*United States v. Williams*, 260 F.3d 160 (2d Cir. 2001) . . . . . . . . . . . . . 2, 18

*Witte v. United States*, 515 U.S. 389 (1995) . . . . . . . . . . . . . . . . . . . . . . 2, 17

## **Statutes**

18 U.S.C. § 2252 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

18 U.S.C. § 2253 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## **Sentencing Guidelines**

U.S.S.G. § 1B1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

U.S.S.G. § 2G2.2(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

U.S.S.G. § 4A1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

U.S.S.G. § 5G1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15-22

Appellate Case: 04-3101    Page: 6    Date Filed: 11/22/2004 Entry ID: 1837662

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

———————————

No. 04-3101

———————————

**UNITED STATES OF AMERICA,**

Appellee,

v.

**JOHN A. SCHAFER,**

Appellant.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION
HONORABLE NANETTE K. LAUGHREY, JUDGE

———————————

**BRIEF FOR THE UNITED STATES**

———————————

**<u>STATEMENT OF THE ISSUES</u>**

I.

Whether the District Court correctly determined that Schafer's federal

convictions of receipt, distribution, and possession of child pornography should

run consecutively to his multiple state court convictions for child molestation

in the first degree, sodomy, rape, incest, and abuse of child when those state

-1-

charges did not form the basis of an increase in his offense level or criminal history score.

_____*United States v. Williams*, 260 F.3d 160 (2d Cir. 2001)

*Witte v. United States*, 515 U.S. 389 (1995)

_____*United States v. Terry*, 305 F.3d 818 (8th Cir. 2002)

II.

_____Whether the District Court properly imposed the cumulative 137-month sentence under the Sentencing Guidelines where Schafer stipulated to all of the facts that supported the sentencing enhancements and upward adjustment.

*United States v. Cotton*, 535 U.S. 625 (2002)

*United States v. Menteer*, 350 F.3d 767 (8th Cir. 2003)

*United States v. Moser*, 168 F.3d 1130 (8th Cir. 1999)

-2-

## STATEMENT OF THE CASE

On April 3, 2003, a criminal complaint was filed in the United States District Court for the Western District of Missouri, charging the appellant, John A. Schafer, with knowingly possessing child pornography. On April 16, 2003, a federal grand jury returned a one-count indictment charging Schafer with knowingly possessing child pornography that had been shipped and transported in interstate and foreign commerce in violation of 18 U.S.C. § 2252(a)(4).

On August 23, 2003, the District Court granted the Government's motion to dismiss that indictment without prejudice. Then, on October 23, 2003, another federal grand jury returned a four-count indictment against Schafer. This new indictment[1] charged him with the interstate transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) (Count One); receiving child pornography that had been transported in interstate commerce, in violation of 18 U.S.C. § 2252(a)(2) (Count Two); possession of child pornography that had been transported in interstate commerce, in violation of 18 U.S.C.

---

[1]Although the Government filed a new indictment, the District Court mistakenly treated it as a superseding indictment and assigned the original case number to the filing. *See United States v. Hoslett*, 998 F.2d 648, 657 (9th Cir. 1993) (explaining that a "re-indictment" occurs whenever the underlying indictment or charges are dismissed prior to the filing of a new indictment, in contrast to a "superseding indictment," which refers to a new indictment that is filed *before* the dismissal of the original or underlying indictment.)

-3-

§ 2252(a)(4) (Count Three); and criminal forfeiture (18 U.S.C. § 2253) (Count Four).

On February 9, 2004, Schafer entered pleas of guilty, without a plea agreement, to all four counts of the new indictment. On April 1, 2004, a preliminary pre-sentence investigation report was prepared and filed with the court. In a letter dated April 15, 2004, Schafer filed an objection to the pre-sentence report; this objection related solely to paragraph 14 and the number of images he believed he should be held accountable for possessing. On April 27, 2004, the final pre-sentence report was filed with the court indicating that Schafer had a total offense level of 25 and a criminal history category of I, which would have resulted in a sentencing range of between 57 to 71 months' imprisonment. (PSR at 18.)

On May 13, 2004, the Government filed a motion for upward departure on the grounds that Schafer's Guidelines calculations did not adequately take into account his extensive pattern of exploiting children, that his criminal history score understated his past criminal conduct, and that it was likely that he would re-offend. Schafer was given notice of the Government's intent to seek an upward departure prior to entering his plea of guilty and also in paragraph 94 of both the draft and final copies of the PSR.

-4-

On August 19, 2004, Schafer appeared for sentencing before the Honorable Judge Nanette K. Laughrey. (Sent. Tr. 1.) The Court adopted the PSR but orally modified paragraph 37 of the report, which, as written, had recommended a five-level enhancement for Schafer's pattern of sexual abuse of the victims named in the state charges, rather than Schafer's abuse of eight other victims over his lifetime. Judge Laughrey indicated that, in determining his base offense level and criminal history score, she would not consider any of the conduct that formed the basis of his state court convictions, and relied, instead, on his abuse of the eight other victims. (Sent. Tr. 10-11.)

The court concluded that his total offense level under the Guidelines was 25, with a criminal history category of I. That resulted in a sentencing range of 57 to 71 months. (Sent. Tr. 12.)

The court granted the Government's motion for upward departure, finding: (1) that Schafer was a continuing threat to society; (2) that he possessed a large number of images; and (3) that his criminal history score was under-represented based on his own admissions of having engaged in a lifetime of sexually abusing children. (Sent. Tr. 18.) The court departed vertically to an offense level of 28 and horizontally to a criminal history category of IV. (Sent. Tr. 28.)

Appellate Case: 04-3101     Page: 11     Date Filed: 11/22/2004 Entry ID: 1837662

The court imposed concurrent sentences of 137 months' imprisonment on Counts One and Two, and 60 months on Count Three.  (Sent. Tr. 24.)  The cumulative 137-month sentence was ordered to run consecutively with the sentences Schafer received in his state case.  (Sent. Tr. 24-25.)  The Court also imposed an alternative cumulative sentence of 180 months in the event *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004), was found to invalidate the Sentencing Guidelines.  The alternative sentences imposed by the Court were the maximum allowable under the law as to each count.  (Sent. Tr. 30-31.)  The court ordered the federal sentences to run concurrently with each other, but consecutively with Schafer's state sentence.  (Sent. Tr. 31.)

Appellate Case: 04-3101    Page: 12    Date Filed: 11/22/2004 Entry ID: 1837662

## STATEMENT OF THE FACTS

The Kansas City field office of the Federal Bureau of Investigation was contacted by the Dallas, Texas field office and informed that a Kansas City resident named John A. Schafer might be a customer of an online credit card verification service used by individuals who access child pornography. (PSR at 4.) This particular John A. Schafer had a listed address of 115 N.W. Harlem Road, Apt. No. 154, Kansas City, Missouri, and an e-mail address of icepick@blitz-it.net. (PSR at 4.)

Brian Stone, a Kansas City FBI agent, contacted the bureau's Baltimore office and learned that icepick@blitz-it.net had been identified in a previous investigation by the FBI's Bern, Switzerland, office as being a member of an "E-Circle" entitled "The Little Ones." (PSR at 4.) This "E-Circle" was used by individuals wishing to exchange child pornography via the internet. (PSR at 4.)

Through additional investigation, the FBI was able to locate a more recent address for John A. Schafer: 2115 East 26th Avenue, North Kansas City, Missouri 64116. (PSR at 4.) On March 17, 2003, an FBI agent collected the trash sitting on the curb in front of the 2115 East 26th Avenue address. (PSR at 4.) An examination of that trash confirmed that a John A. Schafer was associated with the residence. (PSR at 4.)

-7-

Also recovered from the trash were 12 hand-drawn images of naked males, including one of a boy committing fellatio with the statement, "Chris got down between my legs and began to kiss and lick my cock. A few moments later I had the best hard-on I'd had in months, for a ten-year-old boy he sucked cocks better than any kid I knew." (PSR at 4.) Additionally, agents recovered over 200 computer-printed images of prepubescent children in a variety of sexually explicit poses or performing sexual acts. (PSR at 4.)

On March 27, 2003, a search warrant was issued for the residence located at 2115 East 26th Avenue, North Kansas City, Missouri. (PSR at 5.) This warrant was executed on March 28, 2003. During the execution of the warrant, agents seized numerous storage media containing visual images of minor children engaged in sexually explicit conduct, including: computer printouts, photographs, magazines published in foreign countries, slides, floppy disks, and CD-ROMs. The agents also recovered nine hard drives from the residence. (PSR at 5.)

The nine hard drives recovered from Schafer's residence were submitted by the FBI to the Regional Criminal Forensic Laboratory for analysis. This analysis resulted in the recovery of several thousand images of child pornography. (PSR at 5.) The laboratory also indicated that they were able to

-8-

locate in excess of 7,000 images of possible child pornography and that more images existed, but that they simply stopped looking once they got to such a large number. (PSR at 5.)

Schafer filed an object to the PSR, claiming that the number of images was excessive. Based on Schafer's objection to the PSR, Agent Stone was given the unenviable task of going back and reviewing all the images. (Sent. Tr. 3.) Of the approximately 7,000 images that Agent Stone viewed, he reported the following: There were 1,825 separate and distinct images of child pornography; several of these images included bondage, and several of these images involved bestiality. (Sent. at 3.)

In addition to the nine hard drives recovered from Schafer's residence, an extensive collection of adult and child pornography also was recovered, including computer printouts, photographs, magazines published in foreign countries, slides, floppy disks, and CD-ROMs. (PSR at 5.) (These images are in addition to the 1,825 images reviewed by Agent Stone.) These additional items of child pornography also included five video tapes and slides. These tapes and slides depicted Schafer having sexual relations and sodomizing victim #1 (DOB: 1/11/90) and victim #2 (DOB 6/27/91); sexual contact with victim #3 (DOB 3/20/88), and sodomizing victim #4 (DOB 6/7/88). (PSR at 6.) The

-9-

content of these tapes and slides are graphically described in the PSR in paragraphs 18 through 22 and therefore will not be detailed in this brief. (PSR at 6-7.) Based on these tapes and slides, Schafer was charged in a 53-count indictment in Jackson County, Missouri, case No. 03-03403, that included charges of child molestation in the first degree, sodomy of a child, rape, incest, abuse of a child, and promoting a sexual performance by a child. (PSR at 11.)

In addition to these four victims, the investigation in this case led to the discovery of at least eight other victims who had been sexually molested by Schafer. (PSR at 13-14.)

On March 28, 2003, Schafer was interviewed by the FBI in Kansas City. During the interview, Schafer told the agents, "I'll tell you straight out, I'm a pedophile" and he admitted to collecting child pornography for the past 30 years. (PSR at 5.) Schafer also admitted he took nude photos of his daughters when they were between six and ten years of age and that he developed these photos using his own photographic dark room at the time. (PSR at 5.)

On April 7, 2003, Schafer again was interviewed by the FBI. During this interview Schafer admitted to engaging in sexual relations with all four of his daughters between 1967 and the mid-1970s. (PSR at 13.) Schafer reported that the sexual relations included masturbation and oral sex. (PSR at 13.)

-10-

One of Schafer's daughters, Stacy Joslyn, indicated that her father used her as a model in the production of child pornography when she was between the ages of five and ten years old. (PSR at 13.) Ms. Joslyn informed the FBI that she was continuously molested by her father at the family home from the age of eight or nine until she was 12 years old. (PSR at 13.)

During a June 23, 2003, interview with law enforcement officials, Schafer also admitted to the past abuse of Ms. Joslyn's then 6-year-old son. (PSR at 13.) During that same interview, Schafer further admitted to abusing another of his grandsons, when that grandson was also six years old. (PSR at 13.)

Susan Jordan (nee Riley), Schafer's niece, also indicated that she was sexually molested by him beginning when she was six years old. (PSR at 13.) Ms. Jordan told the agents that, beginning at the age of seven, and continuing over about a two-year period, Schafer would tie her arms to a metal bed frame with a rope and have sexual intercourse with her. (PSR at 13-14.) This occurred approximately three to four times each week during this two-year period. (PSR at 13-14.)

During his April 4, 2003 interview, Schafer confirmed that he was molesting his niece, Susan, during the same period of time that he was molesting his daughters. (PSR at 14.) During a June 23, 2003 interview with law

-11-

enforcement, Schafer also admitted to fondling Susan's son while at a local park. (PSR at 14.)

Schafer admitted that over the previous six or seven years he had attempted to isolate himself from his family so that he would not abuse anyone. (PSR at 14.) Furthermore, Schafer informed the probation officer during his PSR interview that over his lifetime he has had a couple of girlfriends, but no serious long-term relationships, largely because "being a pedophile, it was difficult for him to maintain any relationships due to paranoia and distrust." (PSR at 13.) Schafer stated that "he is 'unable to show affection without it leading to something improper.'" (PSR at 15.)

Schafer informed the PSR writer that he was on the Internet "day and night" looking at child pornography and that a typical day (of child pornography viewing) would begin with his morning coffee. (PSR at 15.) Schafer compared his "addiction" to child pornography as being similar to a drug addiction. (PSR at 15.)

-12-

## SUMMARY OF THE ARGUMENTS

The District Court correctly exercised its discretion pursuant to U.S.S.G. § 5G1.3(c) to run Schafer's federal sentences consecutively to his state court sentences. The District Court was not required by U.S.S.G. § 5G1.3(b) to impose concurrent sentences, because the conduct that resulted in the state court convictions was not "fully taken into account" by the District Court in determining Schafer's offense level or his criminal history score. Rather, the District Court imposed the five-level enhancement solely because of the sexual abuse committed by Schafer against the eight other victims mentioned in the PSR.

Furthermore, even if U.S.S.G. § 5G1.3(b) would normally have required the imposition of concurrent federal and state sentences, the District Court had the authority to run Schafer's federal sentences consecutively to his state court sentence because it granted the Government's motion for an upward departure. Once it sustained the Government's request for an upward departure, the District Court was no longer bound by the strictures of U.S.S.G. § 5G1.3(b) and was empowered to impose consecutive sentences.

Although Schafer argues, under Point II of his brief, that the District Court violated the principles of *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct.

-13-

2531 (2004), by imposing sentencing enhancements without submitting them to a jury, *Blakely* expressly indicates that a jury is required only to resolve disputes over *contested* sentencing facts. In this case, Schafer, by failing to object to the PSR, admitted all of the facts upon which the enhancements and upward departure were based. Therefore, he would not be entitled to resentencing even if the Supreme Court were to extend *Blakely* to the Sentencing Guidelines.

-14-

# ARGUMENTS

## I.

**The district court correctly determined that Schafer's federal convictions of receipt, distribution, and possession of child pornography should run consecutively to his multiple state court convictions for child molestation in the first degree, sodomy, rape, incest, and abuse of child, because those state charges were not considered in computing his offense level or his criminal history score, and therefore U.S.S.G. § 5G1.3(b) did not require concurrent sentences.**

The first issue presented by this appeal concerns whether the District Court violated the provisions of U.S.S.G. § 5G1.3(b) when it ordered that Schafer's cumulative federal sentence of 137 months run consecutively to his state court sentences. Schafer contends that U.S.S.G. § 5G1.3(b) required the Court to run his federal sentences concurrently with his state sentences.

However, since, as the District Court realized, neither his total offense level nor his criminal history score was affected by his state court convictions, those convictions were not "fully taken into account" as required by § 5G1.3(b), and the court was authorized under the provisions of U.S.S.G. § 5G1.3(c) to run Schafer's federal sentences consecutively to his state sentence.

In any event, the imposition of consecutive sentences was also supported by the District Court's finding that an upward departure was warranted in this case.

-15-

## A. **Standard of Review**

This Court reviews a district court's application of the Sentencing Guidelines and relevant statutes *de novo*. *United States v. Gullickson*, 981 F.2d 344, 346 (8th Cir. 1992). Similarly, the District Court's application of U.S.S.G. § 5G1.3 also is reviewed *de novo*. *United States v. Lange*, 146 F.3d 555, 556 (8th Cir. 1998) (citing *United States v. Lyons*, 47 F.3d 309, 311 (8th Cir. 1995)).

## B. **Discussion**

In preparing Schafer's presentence investigation report to determine his offense level and criminal history score, the probation and parole officer used the version of the federal Sentencing Guidelines that was effective as of November 1, 2002.[2] (PSR at 9.) Under that version of the Guidelines, § 5G1.3(b) and (c) read as follows:

> (b) If subsection (a) does not apply, and the undischarged term of imprisonment resulted from *offense(s) that have been fully taken into account in the determination of the offense level for the instant offense*, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment.
>
> (c) (Policy Statement) In any other case, *the sentence for the instant offense may be imposed to run*

_____

[2]The author of the PSR noted that the newer version of the Guidelines, which were effective as of November 5, 2003, were less beneficial to Schafer because the specific offense characteristics of his crimes had been increased. (PSR at 9.)

-16-

concurrently, partially concurrently, or *consecutively to* the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

(Emphasis added.)

The purpose behind U.S.S.G. § 5G1.3 is to act as a safeguard and to protect a particular defendant from "having the length of his sentence multiplied by duplicative consideration of the same criminal conduct." *Witte v. United States*, 515 U.S. 389, 405 (1995). There is no dispute that the District Court did not consider the facts and circumstances underlying the state court convictions in formulating either Schafer's offense level or criminal history score. (Sent. Tr. 4, 8, 11, 12, 18.) Rather, Schafer asserts that the District Court did not have the authority to exclude those events in arriving at Schafer's offense level.

Schafer argues that the District Court lacked discretion to exclude the conduct that lead to the state court convictions because the language of U.S.S.G. § 1B1.3 is mandatory in nature. He contends that the District Court erred "by selectively relying on relevant conduct that increased [his] criminal liability while excluding relevant conduct of an exact same nature that limited his liability." (Schafer Brf. at 8.) He argues that such a procedure "violated both the letter and spirit of [U.S.S.G.] § 5G1.3 and effectively usurped the function of the [S]entencing [G]uidelines." (Schafer Brf. at 8.)

-17-

This argument, however, has no merit. Even conceding that the conduct upon which Schafer's state court convictions were based would qualify as "relevant conduct," that does not end the inquiry.

> Although prior offense conduct might technically qualify as "relevant conduct" in a federal prosecution, a defendant cannot enjoy the benefits of section 5G1.3(b) unless the district court *in fact* incorporated his prior offense as relevant conduct in the instant prosecution. Section 5G1.3(b)'s reference to "offense(s) that have been fully taken into account in the determination of the offense level for the instant offense" means that the prior offense must have been actually accounted for by the district court in calculating the defendant's offense level. The Guidelines language is not hypothetical or abstract; it does not refer to offenses that, in theory, could be fully taken into account. It suggests that the other offense must have been considered in fact in the defendant's sentencing.

*United States v. Williams*, 260 F.3d 160, 167 (2d Cir. 2001) (court's emphasis.) This approach is consistent with the purpose behind U.S.S.G. § 5G1.3, because if the prior offense is not "counted" in determining Schafer's offense level of the present case, there has not been any "double counting" and therefore the policy behind the general "concurrent sentence" directive has not been violated. *Id.*

Once she excluded the facts and circumstances underlying Schafer's state convictions, the District Court judge was free to exercise her discretion and direct the federal sentences to run consecutively to the state court sentences.

This case is very similar to *United States v. Terry*, 305 F.3d 818 (8th Cir. 2002), where the defendant was charged with producing and possessing child

-18-

pornography and criminal forfeiture. Similar to this case, several of the items of child pornography possessed by Terry were items he created of himself molesting several minor victims, which resulted in him being charged in the State of Missouri with those acts of abuse. *Id.*, 305 F.3d at 824. Similar to this case, prior to being sentenced, Terry entered into guilty pleas and was sentenced in state court for those acts. *Id.* at 824-25. At the time of Terry's sentencing, the district court,[3] over his objection, ordered his federal sentence to run consecutively to his state court sentences. *Id.*

On appeal, Terry argued that the district court erred by running the sentences consecutively and that U.S.S.G. § 5G1.3(b) required the district court to run the sentences concurrently. *Id.* This Court rejected that argument and affirmed the district court's sentence. *Id.* at 825-26. In its opinion, this Court noted that the district court did not consider the state convictions in arriving at Terry's offense level or criminal history score. *Id.* This Court also stated:

> [I]t is clear that the federal charges were filed because Terry videotaped the abuse and continued to possess the videotapes and the state charges were filed because Terry committed the abusive acts themselves. Thus, the district court had discretion to impose a consecutive sentence because the state and federal offenses are distinct and separate wrongs and because Terry's state convictions

---

[3]It should be noted that the district court judge in *Terry* was in fact the same judge who sentenced Schafer.

-19-

did not affect his federal offense level or his criminal history category.

*Id.* at 826. *See also United States v. Harris*, 324 F.3d 602, 605 (8th Cir. 2003) (discussing *Terry*).

_____In this case, the District Court did not consider Schafer's conduct in committing the state offenses in arriving at either his offense level or his criminal history score. Although Schafer attempts to distinguish *Terry* on the ground that the PSR in that case did not mention the state conduct, such a distinction, even if it actually existed, is meaningless. What is important is not whether the conduct is included in the PSR, but, rather, whether the district court actually considered the facts and circumstances underlying the state court convictions in arriving at the defendant's federal sentence. Where, as here, the district court judge expressly excludes consideration of the state court convictions in sentencing the defendant, § 5G1.3(b) does not require concurrent sentences. *See Harris*, 324 F.3d at 605 ("§ 5G1.3(b) can apply only when a defendant has been sentenced in state or federal court for the same criminal conduct or for criminal conduct necessarily included in the later federal charges.")

To hold otherwise would allow a defendant with an extensive history of sexual abuse spanning several decades and generations to receive a "free pass"

Appellate Case: 04-3101    Page: 26    Date Filed: 11/22/2004 Entry ID: 1837662

and avoid punishment for much of that conduct, a result clearly not intended by the Sentencing Guidelines. *Harris*, *id.*

That is, in fact, what would happen here if Schafer's interpretation of the Guidelines were to be adopted. Schafer received a justifiably severe sentence in state court based upon his acts in abusing four specific victims. However, he was never punished for his extensive sexual abuse of the other eight victims not covered by the state charges and, if the federal sentences were ordered to run concurrently, no additional punishment would be inflicted upon Schafer for his federal crimes, either.

Furthermore, even if the District Court would normally have been constricted by the "concurrent sentencing provisions" of U.S.S.G. § 5G1.3(b), Schafer would not necessarily be entitled to having his consecutive sentences converted into concurrent sentences. Even though U.S.S.G. § 5G1.3(b) is written is mandatory terms (*i.e.*, "shall") a district court can depart from that requirement if sufficient justification for the departure exists. *Gullickson*, 981 F.2d at 348-49; *see United States v. Bell*, 46 F.3d 442, 445-46 (5th Cir. 1995) (explaining that a district court retains the discretion to impose a consecutive sentence even if § 5G1.3(b) is found to apply, as long as the district court finds that a departure is warranted under the Guidelines); *United States v. Rangel, Jr.*,

-21-

319 F.3d 710, 715 (5th Cir. 2003) (explaining that consecutive sentence can be imposed, if an upward departure is warranted, where a specific offense enhancement is found based on the undischarged state sentence). *See also* Commentary background to U.S.S.G. § 5G1.3 ("In a case in which a defendant is subject to an undischarged sentence of imprisonment, the court generally has authority to impose an imprisonment sentence on the current offense to run concurrently with or consecutively to the prior undischarged term. 18 U.S.C. § 3584(a).")

Because she did not consider the facts and circumstances underlying the state court convictions in arriving at Schafer's offense level or criminal history score, the District Court judge was not required to apply U.S.S.G. § 5G1.3(b), since consecutive sentences in that instance would not subject Schafer to "double counting" or double punishment.

Nevertheless, even if this provision would normally have required concurrent sentences, it is clear that the District Court would certainly have included as part of its upward departure the provision that the federal sentences should be imposed consecutive to and not concurrently with the state court sentences. (Sent. Tr. 30.)

In imposing Schafer's sentences, Judge Laughrey explained:

-22-

> . . . I am reluctant to permit any possibility that this defendant will, in fact, ever be in a position to abuse children again. . . . So this is just an insurance policy to make sure that if, in fact, the State chooses to let him out that the federal government will make sure that he is restrained. And, if ever there was a case that reflects the current attitude of the public, this would be one that warrants a severe sentence.

(Sent. Tr. 30.)

Moreover, this conclusion is reinforced by the fact that the District Court imposed an alternative sentence consisting of the maximum punishment allowable on all counts to run consecutive to the state sentences if *Blakely v. Washington* were found to invalidate the Guidelines. (Sent. Tr. 29-31.)

Bottom line: Since the District Court, in computing Schafer's offense level and criminal history score, did not consider any of Schafer's conduct that formed the basis of his state court convictions, the court was authorized to run the federal sentences consecutively to his state sentences.

-23-

Appellate Case: 04-3101     Page: 29     Date Filed: 11/22/2004 Entry ID: 1837662

# II.

**Even if *Blakely v. Washington* were held to be applicable to the federal Sentencing Guidelines, the District Court did not err in imposing the cumulative 137-month sentence under those Guidelines, because Schafer admitted to all of the facts upon which the enhancements and upward departure were based.**

Under his second point, Schafer relies on *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531 (2004), in arguing that the court erred in imposing the 137-month sentence under the federal Sentencing Guidelines because the normal Guidelines range was increased by enhancements and an upward departure that were based upon facts that were not contained in the indictment or determined by a jury beyond a reasonable doubt. (Schafer Brf. at 13.)

However, even assuming the Supreme Court ultimately holds that *Blakely* applies to the federal Sentencing Guidelines and requires that disputed sentencing facts be found by a jury beyond a reasonable doubt, such a holding would be of no assistance to Schafer, since he admitted all of the facts upon which his sentencing enhancements and upward departure were based.

## A. <u>Standard of Review</u>

Generally, the Court of appeals reviews *de novo* a district court's interpretation and application of the Sentencing Guidelines. *United States v. Anton*, 380 F.3d 333, 335 (8th Cir. 2004). Such *de novo* review includes

Appellate Case: 04-3101    Page: 30    Date Filed: 11/22/2004 Entry ID: 1837662

constitutional challenges to sentences imposed under the Guidelines. *United States v. Layne*, 324 F.3d 464, 471 (6th Cir. 2003).

## B. Discussion

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory minimum must be submitted to a jury, and proved beyond a reasonable doubt."

In *Blakely*, the Court applied this rule to invalidate a sentencing scheme from the State of Washington which allowed a defendant to be sentenced beyond the statutory maximum based upon factual findings made by a judge, rather than by a jury beyond a reasonable doubt.

*Blakely*, however, involved an interpretation of a state sentencing scheme that differed markedly from the federal Sentencing Guidelines, so much so that the majority opinion felt compelled to emphasize that the court was expressing "no opinion" on their constitutionality. *Blakely*, 124 S.Ct. 2538 n.9. The constitutionality of the Sentencing Guidelines in light of *Blakely* will be determined by the Supreme Court in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 11 (cert. granted, Aug. 2, 2004), and *United States v. Fanfan*, ___ U.S.

-25-

___, 125 S.Ct. 12 (cert. granted, Aug. 2, 2004). Both cases were orally argued on October 4, 2004.

However, even if the Supreme Court holds that *Blakely* applies to the Sentencing Guidelines, such a ruling is unlikely to be of any benefit to Schafer in this case, since the facts upon which his enhancements and upward departure were based were not in dispute.

*Blakely*, it should be noted, did not find that determinate sentencing schemes were unconstitutional per se; rather, its holding was limited to a determination that such sentencing procedures were required to be implemented in a manner that did not contravene the Sixth Amendment. *Blakely*, 124 S.Ct. at 2540.

The Court's actual holding in *Blakely* was that a defendant's "statutory maximum"--"the maximum [a judge] may impose *without* additional findings--may not be increased based upon facts that neither are admitted to by the defendant nor found by a jury beyond a reasonable doubt. *Blakely*, 124 S.Ct. at 2537 (court's emphasis). But no constitutional violation occurs if the defendant "stipulates to the relevant facts or consents to judicial factfinding." *Blakely*, 124 S.Ct. at 2541.

-26-

Appellate Case: 04-3101    Page: 32    Date Filed: 11/22/2004 Entry ID: 1837662

In this case, Schafer received a two-level enhancement under 2G2.2(b)(1) because the child pornography involved a prepubescent minor or a minor under the age of 12; a two-level enhancement under § 2G2.2(b)(2)(E), because his offense involved a form of distribution other than the more serious forms of distribution described in subdivisions (A) through (D) of § 2G2.2(b)(2); and a five-level increase under § 2G2.2(b)(4) because Schafer had engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. (PSR at 9-10.)

Schafer also received an upward departure under §§ 2G2.2, 2G2.4 and 4A1.3 of the Guidelines because his Guidelines calculations did not adequately take into account his extensive pattern of exploiting children, because his criminal history understated his past criminal conduct and his likelihood of re-offending, and because his offense involved a large number of visual depictions. (Sent. Tr. 13-15, 18.)

All of these enhancements, as well as the upward departure, were based upon facts contained in the PSR, facts that Schafer either expressly admitted or did not dispute. In general, if a defendant fails to object to "a specific factual allegation contained in the PSR, the court may accept that fact as true for sentencing purposes." *United States v. Menteer*, 350 F.3d 767, 771-72 (8th Cir. 2003), citing *United States v. Moser*, 168 F.3d 1130, 1132 (8th Cir. 1999).

-27-

Appellate Case: 04-3101    Page: 33    Date Filed: 11/22/2004 Entry ID: 1837662

Here, the facts documenting the age of Schafer's victims, his long history of sexually exploiting children, the number of visual images and their method of distribution were based upon facts contained in the PSR and not disputed by Schafer. Indeed, his attorney at the sentencing hearing repeatedly reiterated that he was not contesting the facts used by Judge Laughrey to enhance his sentence. (Sent. Tr. 8, 9, 11.) Since Schafer did not object to the facts contained in the presentence report, this failure to object constitutes an admission of those facts and obviates the need for a jury determination of those issues beyond a reasonable doubt. *Menteer*, 350 F.3d at 771.

In this case, then, Schafer's total offense level and the facts supporting the court's upward departure were determined entirely by facts admitted by Schafer, factors that are not affected by either *Apprendi* or *Blakely*. Where, as here, a defendant admits, stipulates to, or fails to challenge the sentencing facts upon which his or her sentence is based under the Guidelines, the failure to submit such facts to a jury for a finding beyond a reasonable doubt cannot violate his constitutional rights under *Blakely*. *See Blakely*, 124 S.Ct. at 2541 (enhancements may be applied absent jury findings beyond a reasonable doubt if defendant "stipulates to the relevant facts").

Appellate Case: 04-3101    Page: 34    Date Filed: 11/22/2004 Entry ID: 1837662

Likewise, the failure to include those facts as part of the indictment does not rise to the level of "plain error." *United States v. Cotton*, 535 U.S. 625, 631-33 (2002). Schafer did not challenge the indictment on *Blakely* grounds prior to sentencing, nor did he assert at any point that he was prejudiced by the Government's failure to include sentencing allegations in the indictment, or that he was unaware, prior to entering his guilty pleas that the Government intended to seek an upward adjustment.

Consequently, even assuming, for the sake of argument, that the Government was required to plead sentencing enhancement facts in the indictment, that failure did not prejudice Schafer, much less rise to the level of "plain error." Schafer, then, would not be entitled to resentencing even if the Supreme Court at some point rules that *Blakely* would normally require the Government to plead and prove to a jury contested sentencing facts. Here, those facts were stipulated to or admitted by Schafer.

-29-

## <u>CONCLUSION</u>

_____For the reasons advanced under Points I and II of the Government's brief,

Schafer's convictions and cumulative 137-month sentence should be affirmed.

Respectfully submitted,

TODD P. GRAVES
United States Attorney


PHILIP M. KOPPE
Assistant United States Attorney

DAVID M. KETCHMARK
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East 9th Street, 5th Floor
Telephone: (816) 426-3122

*Attorneys for Appellee*

-30-

## CERTIFICATE OF COMPLIANCE

_____This brief was prepared using WordPerfect for Windows version 9.0 software, and contains 6,701 words, which is within the acceptable limits of FED. R. APP. P. 32(a)(7)(B)(i). The enclosed diskette has been scanned and is virus-free in compliance with Eighth Circuit Rule 28(A)(c).

_____
Philip M. Koppe
Assistant United States Attorney

## CERTIFICATE OF SERVICE

Two copies of the Government's brief were mailed this 19th day of November 2004, to:

Stephen Moss
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106

_____
Philip M. Koppe
Assistant United States Attorney

-31-