**IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

————————

No. 04-3101 WMKC

————————

UNITED STATES OF AMERICA,
Appellee,

v.

JOHN A. SCHAFER,
Appellant.

————————

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

————————

**BRIEF FOR THE APPELLANT**

————————

RAYMOND C. CONRAD
Federal Public Defender
Western District of Missouri

STEPHEN C. MOSS
Assistant Federal Public Defender
Western District of Missouri
818 Grand, Suite 300
Kansas City, Missouri 64106
(816) 471-8282
COUNSEL FOR APPELLANT

Appellate Case: 04-3101     Page: 1     Date Filed: 10/18/2004 Entry ID: 1824325

# SUMMARY OF THE CASE

On April 16, 2003, Mr. Schafer was indicted for possession of child pornography. On October 23, 2003, Mr. Schafer was charged in a superseding indictment with transporting, receiving, and possessing child pornography in interstate commerce, and with criminal forfeiture. On February 4, 2004, Mr. Schafer pled guilty to the indictment.

Prior to sentencing Mr. Schafer was convicted of thirty-one counts of sexually abusing several children in a Jackson County, Missouri case filed after the initial indictment but prior to sentencing in the federal case. On August 5, 2004, Mr. Schafer was sentenced in the state case to life plus seven years of imprisonment. The conduct at issue in the state case was included as relevant conduct to the offense of conviction, and was the basis for a five level enhancement.

Mr. Schafer was sentenced August 19, 2004. Over objection the court revised the guideline calculations contained within the presentence report by excluding the relevant conduct at issue in the Jackson County prosecution. Absent this revision, the federal sentence by law would have run concurrently with the state sentence pursuant to USSG § 5G1.3.

Based on an offense level of 25 and criminal history category I, Mr. Schafer faced an applicable guideline range of 57 to 71 months of imprisonment. The court,

i

however, departed upward based on the number of images seized, Mr. Schafer's extensive pattern of exploiting children, and the under representation of his criminal history and risk of recidivism. The court departed both vertically and horizontally to an offense level of 28 and criminal history of IV, and imposed a sentence of 137 months, which the court ran consecutively to the Jackson County case. Mr. Schafer's <u>Blakely</u> objection to the departure and enhancements was overruled.

Mr. Schafer timely filed a notice of appeal seeking review of the court's judgment. Mr. Schafer requests fifteen minutes for oral argument.

Appellate Case: 04-3101    Page: 3    Date Filed: 10/18/2004 Entry ID: 1824325

# TABLE OF CONTENTS

SUMMARY OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

JURISDICTIONAL STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  vi

STATEMENT OF THE ISSUES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF THE ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    ISSUE I:  The court erred by selectively relying on  relevant conduct that
increased Mr. Schafer's criminal liability while excluding relevant conduct of
an exact same nature that limited his liability in a manner that violated both the
letter and spirit of USSG § 5G1.3 and effectively usurped the function of the
sentencing guidelines  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    ISSUE II: The court erred by applying sentencing enhancements in violation
of Mr. Schafer's Sixth Amendment right to a jury determination of proof
beyond a reasonable doubt of all elements that increase his sentence, and his
Fifth Amendment right to stand trial only upon indictment returned by a grand
jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

ADDENDUM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Appellate Case: 04-3101     Page: 4     Date Filed: 10/18/2004 Entry ID: 1824325

# TABLE OF AUTHORITIES

## Cases

Blakely v. Washington, 124 S. Ct. 2531(2004) . . . . . . . . . . . . . . . . . . . ii, i, 13, 14

United States v. Booker, No. 01-104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

United States v. Caraballo, 200 F.3d 20 (1st Cir. 1999) . . . . . . . . . . . . . . 2, 9, 11

United States v. Fanfan, No. 04-105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

United States v. Harris, 324 F.3d 602 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . 12

United States v. Heard, 359 U.S. 544 (D.C. Cir. 2004) . . . . . . . . . . . . . . . . . 11

United States v. Hetherington, 256 F.3d 788 (8th Cir. 2001) . . . . . . . . . . . . . . 9

United States v. Lange, 146 F.3d 555 (8th Cir. 1998) . . . . . . . . . . . . . . . . . 9, 11

United States v. Lyons, 47 F.3d 309 (8th Cir. 1995) . . . . . . . . . . . . . . . . . 9, 11

United States v. Marsanico, 61 F.3d 666 (8th Cir. 1995) . . . . . . . . . . . . . . . . 10

United States v. Rouse, 362 F.3d 256 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . 11

United States v. Sumlin, 317 F.3d 780 (8th Cir. 2003) . . . . . . . . . . . . . . . . . . 9

United States v. Terry, 305 F.3d 818 (8th Cir. 2002) . . . . . . . . . . . . . . . . . . 11

United States v. Wright, 873 F.2d 437 (1st Cir. 1989) . . . . . . . . . . . . . . . . . . 9

Witte v. United States, 515 U.S. 389 (1995) . . . . . . . . . . . . . . . . . . . . . 2, 9, 10

## Statutes

18 U.S.C. § 2252 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi, 3

Appellate Case: 04-3101    Page: 5    Date Filed: 10/18/2004 Entry ID: 1824325

18 U.S.C. § 3231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

**Rules**

Fed. R. App. P.  4(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi, 4

**Guidelines**

U.S.S.G. § 1B1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 9, 12

U.S.S.G. § 5G1.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

U.S.S.G. § 5G1.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i, 7, 8, 9, 10, 11, 14

Appellate Case: 04-3101     Page: 6     Date Filed: 10/18/2004 Entry ID: 1824325

# JURISDICTIONAL STATEMENT

Mr. Schafer was charged with two counts of transporting and receiving in interstate commerce child pornography in violation of 18 U.S.C. § 2252(a)(1, 2), and one count of possession of child pornography that was transported in interstate commerce in violation of 18 U.S.C. § 2252(a)(4). Jurisdiction in the trial court was proper pursuant to 18 U.S.C. § 3231 as Mr. Schafer was charged with offenses against the United States. Mr. Schafer was convicted on February 9, 2004 and sentenced on August 19, 2004. Mr. Schafer timely filed a notice of appeal from the judgment entered against him on August 30, 2004, pursuant to Fed. R. App. P. 4(b). This Court's jurisdiction is proper pursuant to 28 U.S.C. § 1291, which provides for jurisdiction over a final judgment of a U. S. District Court.

Appellate Case: 04-3101     Page: 7     Date Filed: 10/18/2004 Entry ID: 1824325

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT**

––––––––––––––––

No. 04-3101 WMKC

––––––––––––––––

UNITED STATES OF AMERICA,
Appellee,

v.

JOHN A. SCHAFER,
Appellant.

––––––––––––––––

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

––––––––––––––––

**BRIEF FOR THE APPELLANT**

––––––––––––––––

1

## STATEMENT OF THE ISSUES

**ISSUE I:  The court erred by selectively relying on  relevant conduct that increased Mr. Schafer's criminal liability while excluding relevant conduct of an exact same nature that limited his liability in a manner that violated both the letter and spirit of USSG § 5G1.3 and effectively usurped the function of the sentencing guidelines .**

USSG § 5G1.2.

USSG § 1B1.3.

Witte v. United States, 515 U.S. 389 (1995).

United States v. Caraballo, 200 F.3d 20, 27 (1st Cir. 1999).

**ISSUE II: The court erred by applying sentencing enhancements in violation of Mr. Schafer's Sixth Amendment right to a jury determination of proof beyond a reasonable doubt of all elements that increase his sentence, and his Fifth Amendment right to stand trial only upon indictment returned by a grand jury.**

Blakely v. Washington, 124 S. Ct. 2531(2004).


## STATEMENT OF THE CASE

On April 3, 2003, Mr. Schafer was charged by complaint with possession of child pornography (Presentence Investigation Report [herein "PSI"] at 3).  The court denied the government's motion for detention, and released Mr. Schafer on bond on April 9, 2003 (PSI at 3).  On April 16, 2003, Mr. Schafer was charged by indictment

2

with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) (DR[1] at 11-12). On May 22, 2003, Mr. Schafer's request to enter a halfway house was granted by the court, and he was placed at CSI-Grossman Center in Leavenworth, Kansas (PSI at 4). On June 11, 2003, Mr. Schafer was arrested on a 53-count indictment filed by Jackson County, Missouri, that charged him with various counts of sexual abuse of children (PSI at 4). Following his arrest Mr. Schafer remained in state custody on this case (PSI at 4).

On October 23, 2003, the government obtained a superseding indictment that charged Mr. Schafer with additional counts of transporting and receiving child pornography in interstate commerce (DR at 13-16). On February 4, 2004, Mr. Schafer pled guilty to this indictment (DR at 17).

A final presentence investigation report was prepared on April 27, 2004 (PSI at 1). The report included as relevant conduct evidence that Mr. Schafer had sexually abused several of his grandchildren from 1994 through 1997 (PSI at 6-8; 11-12). The report assessed a five level enhancement based on this conduct (PSI at 9-10). The government also sought an upward departure based on this conduct (Sent. at 13).

_____

[1]Appellant will refer to the designated record filed by the district court clerk with this Court as "DR" throughout the brief.

3

Appellate Case: 04-3101     Page: 10     Date Filed: 10/18/2004 Entry ID: 1824325

On August 5, 2005, Mr. Schafer was sentenced in the pending state case to a sentence of life plus seven years (Addendum; Sentencing Transcript [herein "Sent."] at 6). Mr. Schafer proceeded to sentencing in this case on August 19, 2004 (Sent. at 1). At sentencing the court ruled that it would not consider any conduct at issue in the Jackson County case despite its inclusion in the presentence investigation report as relevant conduct (Sent. at 4). Over objection the court opted to not rely on any conduct at issue in the Jackson County case in sentencing Mr. Schafer in the federal case (Sent. at 4-6; 8-9; 11, 13). Mr. Schafer's request for "more time" to analyze the manner in which the court had revised this guideline issue was denied (Sent. at 9-11). Additionally, the court granted the government's motion for upward departure based in part on "the number of victims," Mr. Schafer's "continuing threat," and the under representation of his criminal history (Sent. at 18). The court sentenced Mr. Schafer to 137 months of incarceration, and ordered such sentence to run consecutively to the Jackson County sentence of life plus seven years (Sent. 24-25).

Mr. Schafer timely filed a notice of appeal on August 30, 2004, seeking review of the court's judgment pursuant to Fed. R. App. P. 4(b) (DR at 24-25).

Appellate Case: 04-3101    Page: 11    Date Filed: 10/18/2004 Entry ID: 1824325

## STATEMENT OF THE FACTS

On March 28, 2003, law enforcement agents executed a search warrant on Mr. Schafer's apartment (PSI at 5). Agents seized nine hard drives, numerous storage media, and magazines that contained images of child pornography (PSI at 5). Though the number of images was initially disputed, the parties agreed at sentencing that the evidence consisted of 1,825 separate images of child pornography (Sent. at 3; PSI at Addendum). During an interview Mr. Schafer admitted, "I'm a pedophile" (PSI at 5).

During the search agents also found five video tapes of Mr. Schafer sexually abusing several children around the ages of six to eight years old (PSI at 6-7). Based on this conduct a 53-count indictment was filed by Jackson County, Missouri, charging Mr. Schafer with child molestation, sodomy of a child, rape, child abuse, promoting a sexual performance by a child, and incest in case number CR03-03403 (PSI at 7; 11-12). Based on this specific conduct, the presentence report imposed a five level enhancement to Mr. Schafer's offense level (PSI at 9-10). Additionally, the government sought an upward departure on bases that included this conduct (Sent. at 12-15; 19-20).

Though not included as relevant conduct, the presentence report also included evidence that Mr. Schafer had sexually abused his four daughters "between 1967 to the mid 1970s" (PSI at 13). The report also included evidence that Mr. Schafer has

5

sexually abused a niece around the same time frame, and had fondled that niece's son at some point (PSI 13-14). At sentencing the government contended that the court could avoid relying on the relevant conduct at issue in the state case, and yet still base its enhancement and the departure on conduct involving the other victims noted in the report (Sent. at 7-8).

Mr. Schafer noted that this revision amounted to "rewriting" the report in a manner that significantly altered the guideline calculations (Sent. at 8). Mr. Schafer also noted that altering the guideline calculations in this manner changed his sentencing strategy (Sent. at 9). Mr. Schafer noted "there would be additional objections" that warranted consideration, including "the entire basis for the upward departure." Mr. Schafer's request for "more time" to consider this revision was denied by the court (Sent. at 9-11). Mr. Schafer's objection pursuant to Blakely was noted as preserved, and overruled (Sent. at 9, 11, 18).

The court granted the government's motion for upward departure based on the number of images seized, the number of victims involved in Mr. Schafer's patter of sexual abuse, and the inadequacy of his criminal history category and risk of recidivism (Sent. at 18). Over objection the court ordered this sentence to run consecutively to the Jackson County case (Sent. at 15-16; 22-23; 24-25). Mr. Schafer perfected this appeal (DR at 24-25).

# SUMMARY OF THE ARGUMENT

At the time of sentencing in this case Mr. Schafer was subject to an undischarged term of imprisonment of life plus seven years following his state conviction of thirty-one counts of various sex offenses. The conduct at issue in the state case was specifically included in the offense conduct as relevant conduct. The relevant conduct supported a five level enhancement to Mr. Schafer's offense level, and was identified as a potential basis for upward departure. The presentence investigation report's inclusion of this conduct in Mr. Schafer's offense level was entirely proper under the guidelines, and was not objected to by either party.

At sentencing, however, the court opted to excise portions of relevant conduct at issue in the state case from the offense level calculations. The court chose to rely only on portions of relevant conduct that were not at issue in the state case to support the five level enhancement and the upward departure motion raised by the government. This revision of Mr. Schafer's offense greatly altered the manner in the guidelines applied to him by placing his case outside the scope of USSG § 5G1.3. Mr. Schafer's objection to this revision was denied. Mr. Schafer's request for more time to consider how this last-minute revision  affected the guideline calculations was overruled.

Appellate Case: 04-3101     Page: 14     Date Filed: 10/18/2004 Entry ID: 1824325

Because the relevant conduct provision is mandatory, the court was not free to rely on portions of relevant conduct that enhanced Mr. Schafer's sentence while simultaneously ignoring portions of relevant conduct that diminished his sentence. The court's selective use of relevant conduct in this case was contrary to USSG § 5G1.3, which specifically governs the court's discretion to impose a consecutive or concurrent sentence. The court's restriction on the scope of relevant conduct effectively usurped the role of the Sentencing Commission by creating an artificial distinction in the application of relevant conduct that is entirely unsupported by law. Under these circumstances, the court's decision to impose a sentence fully consecutive to the undischarged term of imprisonment on the state case was contrary to the function of the guidelines and caused severe prejudice to Mr. Schafer by increasing his total sentence by more than eleven years.

## ARGUMENTS

**ISSUE I: The court erred by selectively relying on relevant conduct that increased Mr. Schafer's criminal liability while excluding relevant conduct of an exact same nature that limited his liability in a manner that violated both the letter and spirit of USSG § 5G1.3 and effectively usurped the function of the sentencing guidelines.**

**A. Standard of Review**

8

The district court's legal interpretation of the guidelines is reviewed de novo. United States v. Sumlin, 317 F.3d 780, 782 (8th Cir. 2003) (citing United States v. Hetherington, 256 F.3d 788, 796 (8th Cir. 2001)). Likewise, the court's application of USSG § 5G1.3 is reviewed de novo. United States v. Lange, 146 F.3d 555, 556 (8th Cir. 1998) (citing United States v. Lyons, 47 F.3d 309, 311 (8th Cir. 1995)).

**B. Argument**

Section 1B1.3 requires that the offense level and specific offense characteristics be determined by all acts of a defendant that occurred during the commission of the offense of conviction, in preparation of the offense, or in the course of attempting to avoid detection for that offense, as well as all harm that resulted from a defendant's acts. USSG § 1B1.3(a)(1,3). This guideline is "designed to channel the sentencing discretion of the district courts and *to make mandatory* the consideration of factors that previously would have been optional." Witte v. United States, 515 U.S. 389, 402 (1995) (citing United States v. Wright, 873 F.2d 437, 441 (1st Cir. 1989) (Breyer, J.)) (emphasis added). Any conduct that is relevant conduct must be taken into account in the determination of the offense level. United States v. Caraballo, 200 F.3d 20, 25 (1st Cir. 1999) (noting Section 1B1.3 usage of the word "shall").

A defendant that is subject to an undischarged prison term must be sentenced under USSG § 5G1.3. United States v. Lange, 146 F.3d 555, 556 (8th Cir. 1998)

9

(citing <u>United States v. Marsanico</u>, 61 F.3d 666, 668 (8th Cir. 1995)). A term of imprisonment that resulted from another offense that has been fully taken into account in the determination of the offense level shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment. USSG § 5G1.3(b) (Nov. 1, 2002). As noted in the presentence investigation report, Mr. Schafer's offense level fully took into account the conduct for which he was prosecuted and sentenced by Jackson County, Missouri in Case No. CR03-03403 to life plus seven years (PSI at 6-7 [¶¶ 17-25]; 9-10 [¶ 37], 11-12 [¶ 52]; 19 [¶ 94]; Addendum). Additionally, the court granted the government's departure motion based on Mr. Schafer's pattern of exploitation and risk of recidivism (Sent. at 13, 18).

Section 5G1.3 aims to achieve some coordination of sentences imposed "for different criminal transactions that were part of the same course of conduct." <u>Witte</u>, 515 U.S. at 404 (construing USSG § 5G1.3). The intent of this section is to approximate the total sentence that would have been imposed had "the offenses been prosecuted in a single proceeding,.." <u>Id.</u> at 404-05 (citing USSG § 5G1.3, comment., n.3). "Because the concept of relevant conduct under the Guidelines is reciprocal, § 5G1.3 operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." <u>Id.</u> These two provisions

10

Appellate Case: 04-3101    Page: 17    Date Filed: 10/18/2004 Entry ID: 1824325

operate as "significant safeguards" to protect a defendant from having his sentence multiplied by "duplicative consideration of the same criminal conduct." Id.

Events that constitute relevant conduct to the offense of conviction are taken into account for purposes of USSG § 5G1.3. United States v. Terry, 305 F.3d 818, 826 (8th Cir. 2002) (citing United States v. Lange, 146 F.3d 555, 556 (8th Cir. 1998); United States v. Lyons, 47 F.3d 309, 311 (8th Cir. 1995)). See United States v. Rouse, 362 F.3d 256, 262 (4th Cir. 2004) (prior offense is "fully taken into account" when conduct is deemed "relevant conduct"); United States v. Heard, 359 U.S. 544, 551 (D.C. Cir. 2004) (prior offense that constitutes relevant conduct has necessarily "been fully taken into account" pursuant to USSG § 5G1.3); United States v. Caraballo, 200 F.3d 20, 27 (1st Cir. 1999) (relevant conduct that resulted in or could have resulted in a change in the defendant's offense level). The court in Terry noted that the defendant's "presentence report clearly" indicated that his "state sentences were not taken into account in determining his offense level." Id.

Unlike the presentence report in Terry, in this case Mr. Schafer's presentence report was replete with references to the conduct underlying the state prosecution. Such conduct constituted nearly two pages of Mr. Schafer's offense conduct (PSI at 6-7 [¶¶ 17-25). Such conduct was relied upon in the presentence report to support both a five level enhancement and an upward departure (PSI at 9-10 [¶ 37]); 18-19 [¶

11

92]).  Moreover, the court departed upward based on the number of victims involved in Mr. Schafer's pattern of exploitation and the risk of his future recidivism.  As such, Mr. Schafer's criminal conduct at issue in the state case was "necessarily included" in his federal sentencing.  <u>See</u> <u>United States v. Harris</u>, 324 F.3d 602, 605 (8th Cir. 2003) (noting circumstances in which USSG § 5G1.3 applies).  "When a defendant is serving an undischarged term for conduct all of which has influenced the final 'offense level' applicable to the instant offense, the entire sentence for that instance offense must run concurrently with the undischarged term."  <u>United States v. Caraballo</u>, 200 F.3d 20, 28 (1st Cir. 1999).

As noted above, the relevant conduct provision is mandatory under the guidelines, not permissive.  As such, the court was not free to pick and choose which portions of relevant conduct to include in Mr. Schafer's offense level.  The court's selective reliance only on those portions that were not involved in the state case violated the rationale of both Sections 1B1.3 and 5G1.3.  An offense is "taken into account" within the meaning of USSG § 5G1.3 whether such conduct operates to enhance or diminish a defendant's sentencing range.  <u>Caraballo</u>, 200 F.3d at 26 n.8.  The court's <u>sua</u> <u>sponte</u> revision of the scope of relevant conduct had the practical effect of bypassing the mandate of a concurrent sentence pursuant to USSG § 5G1.3.  Because the court imposed a sentence that ran fully consecutive to the undischarged

12

state sentence of life plus seven years, this error greatly prejudiced Mr. Schafer by unlawfully adding 137 months of incarceration to his total sentence.

> **ISSUE II: The court erred by applying sentencing enhancements in violation of Mr. Schafer's Sixth Amendment right to a jury determination of proof beyond a reasonable doubt of all elements that increase his sentence, and his Fifth Amendment right to stand trial only upon indictment returned by a grand jury.**

At sentencing Mr. Schafer lodged an objection pursuant <u>Blakely v. Washington</u>, 124 S. Ct. 2531(2004) (Sent. at 9-12). Mr. Schafer's request for more time to analyze and frame the precise objection was denied (Sent. at 9-10).

Mr. Schafer submits that <u>Blakely</u> requires that any sentencing enhancements and factors supporting an upward departure be charged in an indictment and proven to a jury beyond a reasonable doubt as guaranteed by the Fifth And Sixth Amendment to the U. S. Constitution. Mr. Schafer further submits that the guidelines are severable, and that his sentencing range must be based purely on the facts alleged in his indictment and admitted at his change of plea. Pursuant to this Court's Administrative Order regarding <u>Blakely</u> dated September 27, 2004, Mr. Schafer requests permission to supplement or withdraw this issue following the resolution of <u>United States v. Booker</u>, No. 01-104, and <u>United States v. Fanfan</u>, No. 04-105.

Appellate Case: 04-3101    Page: 20    Date Filed: 10/18/2004 Entry ID: 1824325

## **CONCLUSION**

WHEREFORE, Mr. Schafer requests that his sentence be vacated and that he be resentenced to a concurrent federal sentence pursuant to USSG § 5G1.3. Mr. Schafer further requests permission to supplement or withdraw the <u>Blakely</u> issue following the Supreme Court's decision in <u>Booker</u> and <u>Fanfan</u>.

Respectfully submitted,

_____

STEPHEN C. MOSS
Assist. Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282

14

## CERTIFICATE OF SERVICE

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that two copies of the foregoing were mailed to David Ketchmark, Assistant U.S. Attorney, 400 E. 9th Street, 5th Floor, Kansas City, Missouri 64106, and one copy to John Schafer, WRDCC, 3401 Faraon St., St. Joseph, Missouri 64506, on this 15th day of October, 2004.

_____
STEPHEN C. MOSS

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with the page limitations (no more than 1,300 lines of monospaced type) as set forth in Fed. R. App. P. 32(a)(7)(C) and contains 3,908 words. I further certify that WordPerfect 12 for Windows, Times New Roman Font Face in Font size 14 was used to prepare this brief, and that the enclosed diskette has been scanned and is virus-free in compliance with Eighth Circuit Rule 28A(c).

_____
STEPHEN C. MOSS

15

## **ADDENDUM**

Judgment and Commitment

Judgment from Jackson County, Missouri Case No. CR03-03403

16